IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARBARA D. LUTE,                    )
    Plaintiff                          )
                                 )
           v.                           )          2:12-CV-252
                                 )
COMMISSIONER OF SOCIAL              )
SECURITY,                           )
    Defendant.                          )

MEMORANDUM and ORDER

Mitchell: M.J.

Presently before the Court for disposition are cross motions for summary judgment.  For

the reasons set forth below, the plaintiff's motion (Docket No. 8) will be denied; the defendant's

motion (Docket No.10) will be granted and the decision of the Commissioner will be affirmed.

On  February 29, 2012, Barbara D. Lute, by her counsel, filed a complaint pursuant to

Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and

1383(c)(3) for review of the Commissioner's final determination disallowing her claim for a

period of disability or for disability insurance benefits and supplemental security income benefits

under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and

423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits

on May 14, 2008 (R.132-146). Benefits were denied on August 13, 2008 (R.72-81).  On

September 13, 2008, the plaintiff requested a hearing (R.82-83), and pursuant to that request a

hearing was conducted on January 28, 2010 (R.27-68).  In a decision filed on February 17, 2010,

an Administrative Law Judge denied benefits (R.11-25).  On April 19, 2010, the plaintiff

requested review of this determination (R.8), and upon reconsideration, and in a decision dated

January 4, 2012, the Appeals Council affirmed the prior decision (R.1-6). The instant complaint

was filed on February 29, 2012.

In reviewing an administrative determination of the Commissioner, the question before

any court is whether there is substantial evidence in the agency record to support the findings of

the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she

was disabled within the meaning of the Social Security Act..

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the
> record, a judgment affirming, modifying, or reversing the decision of the
> Commissioner of Social Security, with or without remanding the cause for a
> rehearing.  The findings of the Commissioner of Social Security as to any fact, if
> supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm'r. 529 F.3d

198 (3d Cir.2008) and the court may not set aside a decision supported by substantial evidence.

Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999)

Presently before the Court for resolution is a determination of whether or not there is

substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled

within the meaning of the Act.

At the hearing held on January 28, 2010 (R.27-68), the plaintiff appeared with counsel

(R.30) and testified that she worked seasonally as a clerk (R.43) and that she has been unable to

work since she was involved in an auto accident on October 27, 2007(R.38).

2

The plaintiff also testified that she had shoulder surgery and therapy and has reached maximum improvement (R.47-48); that she experiences low back pain, diabetes, dizziness and migraines (R.50,51,53); that she no longer takes medication for pain (R.49); that she is unable to drive (R.53); that she spends the day watching television and has to lay down about twice a day (R.55,57), and that she has to read something three or four times in order to understand it (R.60).

At the hearing a vocational expert was called upon to testify (R.61-67). He described the plaintiff's prior work as unskilled light duty work (R.62). When asked to assume an individual of the plaintiff's age, education, training and prior work experience who is limited to sedentary work with limited walking and standing he testified that there were a number of jobs the individual could perform (R.63-65). However he added that if the person were required to take excessive unexcused absences then that person could not be employed (R.65, 66). The same conclusion applied if the individual could not stay on task more than 90 percent of the time or had to sit in a recliner several times a day (R.66).

The issue before the Court is whether or not the decision of the Commissioner is supported by substantial evidence.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. Section 423(d)(3).  These provisions are also applied for purposes of establishing a period of disability.  42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

It is also provided that:
Notwithstanding the provisions of subparagraphs (A) through (E), an individual shall also be considered to be disabled for purposes of this subchapter if he is

permanently and totally disabled as defined under a State plan approved under subchapter XIV or XVI of this chapter as in effect for October 1972 and received aid under such plan (on the basis of disability) for December 1973 (and for at least one month prior to July 1973), so long as he is continuously disabled as so defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the Commissioner has promulgated certain regulations for the implementation of the Supplemental Security Income Program.  While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts.  NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970).  Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff was treated at the Miners Hospital emergency Room between April 2, 2007 and October 22, 2007. The latter treatment was for contusions following a car accident. (R.201-218).

In a report of an evaluation conducted immediately following plaintiff's motor vehicle accident on October 22, 2007, Dr. Thomas Franz diagnosed a traumatic brain injury. Further physical and mental evaluations were recommended (R.388-392).

The plaintiff was treated at the Conemaugh Valley Memorial Hospital on October 23, 2007 for abdominal, flank, hip, elbow and shoulder pain and contusions following a motor vehicle accident on the previous day. Moderate thoracic degenerative disc disease was noted as well as morbid obesity (R.219-241).

The plaintiff attended speech therapy between November 9, 2007 and December 19, 2007 (R.242-263).

The plaintiff was treated by Dr. Jagadeesha N. Sheety between January 15, 2008 and January 29, 2008 for low back and left shoulder pain. A home exercise program was recommended (R.264-266, 511-517).

The plaintiff was hospitalized at the Indiana Regional Medical Center from February 20, 2008 through February 22, 2008 for a left rotator cuff repair (R.267-277).

In a report dated April 1, 2008, Angela W. Rowe, D.O. noted closed head injury and multiple blunt traumas to the neck, lower back and shoulders following a motor vehicle accident. The plaintiff was reported to be recovering (R.493-495).

The plaintiff attended a pain clinic between March 25, 2008 and May 9, 2008 (R.278-282).

The plaintiff was treated between February 1, 2008 and May 13, 2008 by Craig C. McKirgan, D.O. for post-surgical treatment of her left shoulder. Physical therapy was recommended (R.283-288).

In a report for back pain covering the period from December 13, 2007 through May 20, 2008, Debra Schettini-Prasko, D.O. recommended physical therapy (R.289-295).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed

6

exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

Based on the evidence presented, the Commissioner concluded:

The claimant meets the insured status requirements of the Social Security Act through December 31, 2012…

The claimant has not engaged in substantial gainful activity since October 22, 2007, the alleged onset date…

The claimant has the following severe impairments: disorders of lumbar spine; disorders of cervical spine; sacroiliitis; disorders of left shoulder; migraines; amnestic symptoms due to head trauma; hypertension; dyslipidemia; asthma; diabetes mellitus, Type II; major depressive disorder, severe, without psychotic features; and cognitive disorder …

These impairments are not slight and have more than a minimal impact on claimant's residual functional capacity…

Furthermore, it is noted that although the claimant is obese, there is no evidence that the claimant's obesity has resulted in systemic manifestations affecting other body systems or that her obesity has affected her ability to sustain activity on a regular and continuing basis …

The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments…

The medical evidence does not contain the objective signs, symptoms, or findings or the degree of functional limitations necessary to meet or equal the severity of any … listing[]. Indeed, while it is noted that the claimant's disorders of lumbar spine; disorders of cervical spine; sacroiliitis; disorders of left shoulder; migraines; amnestic symptoms due to head trauma; hypertension; dyslipidemia; asthma; and diabetes mellitus, Type II result in some limitations, there is no evidence of the requisite gross anatomical deformity; chronic joint pain and stiffness; joint space narrowing; bony destruction; ankylosis; compromise of a nerve root or the spinal cord; nerve root compression; spinal arachnoiditis; lumbar spinal stenosis; inability to ambulate effectively; inability to perform fine and gross movements effectively; chronic asthmatic bronchitis; attacks, in spite of treatment and requiring physician intervention, occurring at least once every 2 months or at least 6 times a year; neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gain and station; or

acidosis occurring at least on the average of once every 2 months documented by appropriate blood chemical tests; or retinitis proliferans, alteration of awareness; loss of consciousness; transient postictal manifestations of unconventional behavior; or significant interference with activities during the day necessary to meet or equal Listings…

Accordingly, the Administrative Law Judge concludes that the claimant's physical impairments, considered singly or in combination, do not meet or equal any of the listed impairments…

In addition, the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of [the] listings… To satisfy the "paragraph B" criteria, the mental impairments must result in at least two of the following; marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration…

In activities of daily living, the claimant has mild restriction. The claimant reported that she is able to care for her personal needs independently, watch television, take care of her pets, read, do needlepoint, and perform various household chores such as preparing meals, cleaning, shopping and doing laundry. Claimant also reported that she continues to be able to drive a vehicle… Furthermore, a review of notes from treating and consulting examiners reveals that claimant is able to care for her personal needs and perform household duties, although she does require some assistance.

In social functioning, the claimant has moderate difficulties…

As to concentration, persistence or pace, the evidence establishes that the claimant has moderate limitations, but that she retains the ability to perform simple, routine job tasks…

As to the fourth "B" criteria, there is no evidence the claimant has experienced repeated episodes of decompensation of an extended duration…

A review of the record fails to provide evidence of a medically documented history of a chronic organic mental disorder or chronic affective disorder, of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities…

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work …

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment…

The Administrative Law Judge notes that the record contains no opinion from any of the claimant's treating physicians concerning her ability to perform work-related activities…

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform…

The claimant has not been under a disability, as defined in the Social Security Act… (R.16 -24).

The record demonstrates that the plaintiff was involved in an automobile accident on October 22, 2007, and as a result sustained some bodily injuries which were determined to be serious but not disabling. In addition, she suffers from depression however, this condition likewise is not severe. In reviewing these injuries, the Commissioner determined that they did not support the degree of disability which the plaintiff alleged. The Commissioner is charged with making credibility determinations. Diaz v. Commissioner, 577 F.3d 500,506 (3d Cir.2009). Here, as supported by the record, it appears that this issue was properly resolved..

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law.  Lamont v. New Jersey, 637 F.3d  177 (3d Cir. 2011). In the instant case, there are no material factual issues in dispute, the decision of the Commissioner is supported by substantial evidence, and judgment should be entered for the defendant and against the plaintiff. For this reason, the plaintiff's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

ORDER

AND NOW, this 2nd day of August 2012 for the reasons set forth in the foregoing

Memorandum, the plaintiff's motion for summary judgment (Docket No. 8) is DENIED; the

defendant's motion for summary judgment (Docket No.10) is GRANTED and the decision of the

Commissioner is AFFIRMED.


s/ Robert C. Mitchell
United States Magistrate Judge